UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

LINDA L. KNIGHT,

        Plaintiff,

vs.

JEFFREY S. EPSTEIN, M.D., P.A., a
Florida corporation, and JEFFREY S. EPSTEIN,
M.D., individually,

        Defendants.
_____/

**COMPLAINT**

Plaintiff, Linda L. Knight (hereafter "Knight"), by and through counsel, hereby sues Defendants, Jeffrey S. Epstein, M.D., P.A. (hereafter "Epstein Medical") and Jeffrey S. Epstein, M.D. (hereafter "Dr. Epstein"), and alleges as follows:

**NATURE OF ACTION**

1. This is an action for recovery of unpaid overtime compensation owed to Knight pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

2. Knight alleges Defendants unlawfully failed and refused to pay her overtime pay, defined as one and one half times her regular rate of pay for hours worked in excess of forty (40) per work week, as is required by the FLSA.

3. Defendants' practices as alleged herein violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as Knight's claim is brought pursuant to the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorney's fees and costs. Jurisdiction over this action is founded upon § 216(b) of the FLSA and this court's original jurisdiction over federal questions.

5. The acts and omissions that give rise to this action occurred in Miami-Dade County, Florida. Venue is therefore proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. At all times material hereto, Knight has resided in Seminole County, Florida.

7. Epstein Medical is a Florida corporation that maintains its principal office in Miami, Florida and conducts business in Miami-Dade County, Florida.

8. Upon information and belief, Dr. Epstein resides in Miami-Dade County, Florida.

9. Defendants employed Knight within Miami-Dade County, Florida.

## COVERAGE

10. At all times material hereto, Epstein Medical employed two or more employees, including Knight, who regularly were and are engaged in commerce, or worked on goods or materials that had been moved in or produced for commerce.

11. At all times material hereto, Epstein Medical was an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

12. Epstein Medical is subject to enterprise coverage under the Section 203(s)(1)(A) of the FLSA.

13. Dr. Epstein is an owner and officer of Epstein Medical, and is directly involved in the day to day operations of the enterprise, including supervising Knight during her employment, setting her hours of pay, and determining the amounts and methods of her compensation.  By virtue of the foregoing, Dr. Epstein was and is Knight's employer as that term is defined by the FLSA.

## GENERAL FACTUAL ALLEGATIONS

14. Knight was employed by Defendants as a surgical assistant from 2004 until her termination in 2020.

15. Knight was paid an hourly wage for her services, most recently at a rate of thirty one dollars and fifty cents ($31.50) per hour.

16. During the relevant period, defined as the period commencing three years prior to the filing of this action, Knight worked in excess of forty (40) hours in several work weeks.

17. In the work weeks in which Knight worked in excess of forty hours, she received her hourly wage for the first forty (40) hours.

18. For each hour worked in excess of forty (40) hours, Knight was paid one-half of her hourly wage.

19. At no time during the relevant period did Knight receive one and one half times her regular hourly rate of pay for hours worked in excess of forty (40) in a work week.

20. At no time during the relevant period did Defendants regard Knight as an exempt employee who was not entitled to receive overtime compensation.

## COUNT I
## FLSA CLAIMS AGAINST DEFENDANTS
## (UNPAID OVERTIME COMPENSATION)

21. Knight hereby incorporates by reference paragraphs 1 through 20 herein.

22. At all times relevant to this complaint, defined as the period commencing three (3) years prior to the filing of this action, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of 29 U.S.C. § 203(d).

23. At all times relevant to this complaint, Defendants employed Knight within the definition of the 29 U.S.C. § 203(e)(1).

24. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

25. Throughout the relevant period, Knight was a non-exempt employee entitled to receive overtime pay under the FLSA.

26. Knight was therefore entitled to one and one half-times his regular rate of pay for all hours worked in excess of forty (40) per workweek.

27. At all times relevant to this complaint, Defendants failed and refused to pay Knight the full overtime compensation she was due for the hours she worked in excess of forty (40) per work week.

28. As a result of Defendants' failure to compensate Knight as required by the FLSA, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1).

29. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), thereby extending the statute of limitations from two years to three years.

30. Through the conduct as alleged herein, Defendants failed to act in good faith with respect to Knight's compensation.

31. Knight is entitled to damages in the amount of her unpaid overtime compensation during the relevant period, plus an equal amount as liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b) and other such legal and equitable relief as the Court deems just and proper.

32. Knight requests recovery of her attorneys' fees and costs associated with her claims as provided by 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Knight requests that a judgment be entered awarding her all unpaid overtime compensation, an equal amount as liquidated damages, attorney's fees and costs, and such other relief as this Court deems just and proper.

Date:   July 16, 2020

                                         Respectfully submitted,

                                         s/ David H. Spalter, Esq.
                                         David H. Spalter, Esquire
                                         Florida Bar No. 966347
                                         JILL S. SCHWARTZ & ASSOCIATES, P.A.
                                         655 W. Morse Blvd., Suite 212
                                         Winter Park, Florida 32789
                                         Telephone: (407) 647-8911
                                         Facsimile: (407) 628-4994
                                         E-mail: dspalter@schwartzlawfirm.net
                                         Secondary E-mail: docketing@schwartzlawfirm.net
                                         Secondary E-mail: jtacktill@schwartzlawfirm.net
                                         Attorney for Plaintiff